The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Catherine E. Zeno, presiding. Good morning, counsel. This is case number 4-250330, John Van Order v. Joseph Hauk and Shelter Insurance. Would counsel identify themselves for the record? First, counsel for the appellant. Matt Warner here for Mr. Van Order. All right. And counsel for Shelter Insurance, the appellee? Jerry McDonald for Shelter Insurance. Thank you. And counsel for appellee, is it Hauk or is that the correct pronunciation? I believe you're correct, Your Honor. All right. And your name is? Blake Dunlap for Mr. Hauk. Okay. Thank you very much. At this time, I understand that counsel for appellee will be, appellees will be dividing your time evenly. And Mr. Dunlap, you will be going first when it's your turn. Is that right? Or appellee's turn? Yes, sure. Okay. Thank you. At this time, then, Mr. Warner, you may begin your argument. Thank you, Judge. Frankly, it won't take an awful lot of time. I think this is a fairly straightforward matter. I think the briefs laid it out fairly succinctly. There's really two issues. I think there's two primary, I suppose, defenses raised. There's the subsequent policy that I think is sort of a tertiary or side issue and really dependent on the primary issue that I think a question of fact precluded summary judgment here. The subsequent policy is circular. It's circular. It doesn't really matter in light of the fact that the primary argument here is that a duty to provide adequate coverage or send Mr. Van order elsewhere to obtain adequate coverage was breached. If the duty was breached a 2nd time, that's really not a defense to breaching it the 1st time. And whether or not that happened is. Clearly, I think a question of fact, in considering summary judgment, it's obviously, as we all know, necessary to consider. All facts in the light, most favorable to the non moving party, which, in this case is my client, Mr. Van order, Mr. Van order competently testified that he informed Mr that this property was intended to be vacant during the time that it was being renovated for a period of several months. And the policy that was ultimately provided was not appropriate for property in that state. Obviously, because that's why we're here. You know, whether or not that is the case, whether or not the statement was. Too vague, or, you know, not sufficient to put Mr on notice and create that situation is. All a question of fact, and in the light, most favorable to Mr Van order that question of fact. Has to be considered and taken in his favor, which. Prohibits summary judgment from being granted. I think it really is that simple in this case. I think there's just. No way that the trial court could reach that conclusion under. The legal and appropriate standards for considering summary judgment. Might I suggest counsel that it might be that simple if we just disregard the case law. Sorry, what it might be that simple if we just disregard the case law. I don't think we need to disregard. Case law to get to that point judge, I think about scabbard versus country casualty insurance. I think that that case. Supports our position judge that. What was the specific request made? I think he requested coverage that would. Provide insurance for this property that was going to be vacant. For a significant period of time, greater than 30 days or greater than 14 days, depending on which policy we're talking about here. That coverage was not appropriately provided. It was. He was, he was says that under 2 dash. 2201 a of the code. The duty to exercise ordinary care arises only after a specific request is made. They may not be imposed under section 2201 of the code based on a vague request to make sure the insured is covered. That's basically what you did. I think the request that was made was a request to. Provide coverage for an unoccupied building, which should have been a policy. Options suggested in other places and discovery is something like a builder's policy or a policy that would have appropriately covered the situation. And I think whether or not that request. Meets that standard, or is too vague to meet that standard also falls under a question of fact judge. Well, it would, but for a few other cases. How about Scott versus CC services? You look through my notes for that 1 judge. That's almost identical really to the facts in this case. So, the plaintiff wanted adequate coverage to ensure some homes that they were going to be. Remodeled indicated they wanted coverage for all potential losses for a new home standing vacant for several months being remodeled. Sure enough, they didn't get water damage coverage. Sure enough summary judgment was entered. The court found that under 2201 a, the code, the defendants only duty was to provide the level of coverage for the property. The plaintiff's actually requested. No, disagree judge that that's the law and that's what the cases state. I guess I simply disagree and I believe that in this case. The statements made by Mr. Van order. We're sufficient to put. Mr. Hawk on notice that he was requesting coverage that would protect these buildings from. The event that ultimately occurred, and I believe that whether or not that is the case. Is a question of fact that precludes summary judgment. What's the difference in your facts and Scott? And they're almost exactly the same. They are similar judge, but certainly the statements made in the requests made were. You know, not identical here we have. We have Mr. Van order testifying that he informed Mr. Hawk of what he was asking and then we have Mr. Hawk. At least per Mr. Van orders testimony, we have Mr. Hawk. Essentially apologizing to him and telling him. Oh, yeah, I should have provided or I should have. Had a policy that would have covered that they're not going to, but that's my bad essentially. And I think that creates a circumstance where where we have a question of fact. Whether or not Mr. Hawk was aware, I think. I can't. Yeah, we're not hearing you. Yeah, I can. I'm sorry his compassion does not create a legal duty. No, no, it does not, but I think it. Fuels the. It feels the creation of the duty in the. In the concept, or the in the arena where. Whether or not he was aware and whether or not he could sufficiently determine. What Mr. Van order was asking for. And if he subsequently made statements about. Yes, I should have or yes, that should have been the way that was. I think that's acknowledgement of. An understanding and an appreciation. That what Mr. Van order was saying was not vague and was direct enough to communicate the information and to create the duty. And I, again, I think that all falls under the realm of question of fact, I'm not certainly standing here asking for summary judgment on behalf of my client. I'm asking for the right to have a jury make that determination because I think the facts and the light most favorable to my client. Can withstand summary judgment. Thank you. I don't have any questions. Okay. Thank you. Um. Yeah, at this point, I'll, uh, I'll stop there. I'd like to reserve a potential remaining time for rebuttal. And I'll see the floor to the appellees. Thank you, Mr. Dunlap. Thank you. Your honor. May it please the court counsel. Your honor, this case really involves, in my opinion, 3 issues. 1st is, uh, the plaintiff. Alleged that Mr. how. Improperly procured coverage in this case. Um, I, I think as, uh, your honor has indicated there was. This case is very similar to the, um. Show draw case, um. Where the facts in this case before the trial court. We're really only the testimony of the plaintiff John van order. Mr. van order testified that he told Mr. how. Uh, the property would be undergoing renovations 3 to 4 months. Um, and also testify that he told him the property would be undergoing renovations for some time. Um, there was no facts before, uh, the trial court that Mr. how asked for any coverage for water damage. I'm sorry. Mr. van order asked for any coverage for water damage. Um, the. Claim in this case was denied coverage. He got coverage for water damage. That's true. I apologize. He did get coverage for water damage. Just not for water damage. If the property was vacant for more than 30 days, or in the alternative, if the water damage was a result of a leak that continued for 14 days or more. Um, and so in this situation, um. That was not actually specifically requested. Um, and I think your honor was, was correct on that. And the similarity with the case, um, additionally. In this case, even had the vacancy provision, uh, not been in the policy, there still would have been no coverage due to the 14 day requirement. Um, plaintiff van order alleges that this secondary policy that was later issued. I think in his brief, he indicates it was issued by a company other than shelter insurance, but that's just simply not the case. It is a shelter policy. Um, he indicates that that is the policy. Mr. how should have had issued in the 1st place. He should have procured that policy. But then he also concedes that that policy would not have, uh. Covered this loss either, um, and then. Basically, our position in this case, and I think the trial court was correct in finding is. 1, there was no specific requests for the coverage that resulted in this denied claim. Um, and 2. The policy they say should have been issued. Still wouldn't have covered this claim. You know, this is a negligence case. Uh, there's a requirement that the plaintiff have some evidence approximate causation. And it's just simply not here in this case. And we believe that the trial court correctly found summary judgment in favor of Mr. how. What duty do Mr. how's words to Mr. Van order. Create sure and can I ask what words specifically the courts questioning. About how, you know, I should yeah, I should have covered that. I'm sorry. My bad. Sure. In the words of counsel. Yeah, and I believe that in the actual facts of the case, Mr. apologize that the claim was not covered. I don't think he said I should have done anything. And I don't think those facts were before the trial court either. Thank you. If there's no other questions, I'll see my time. Mr. McDonald. Well, we're moving right along. I guess we'll have lunch before we thought. Preliminarily, let me just mention the yesterday when I was getting ready, I noticed that somehow my points and authorities weren't in my brief. I don't know if anybody else noticed that. So I tried to file it last night and I got a notice that I need to file a motion to amend and et cetera. So I'll be happy to do that. But I'll be quick. Also, like everybody else. I think the problem with the plaintiff's case. It's been from the beginning and the brief and an argument today. Is it there's a distinction between the vacancy issue and the water issue. And as far as summary judgment, I think the trial court and you have to accept what is contended by Mr. Van order that he said it was going to be vacant. But that doesn't get to the water issue. And as Mr. Dunlap has said, the 1st policy. Has a water exclusion for the facts of this case, because the water ran for over 30 days. Thousands and thousands of gallons went in that building. And if that whole policy is negated because Mr. Hawk forgot to, or didn't get a policy with a vacancy. With a non vacancy provision. Then that 2nd policy, which the plaintiff pleads was the right policy. Had a different language, but also. Clearly, a water exclusion for the facts of this case. Because it was an internal leaking of plumbing and not a. Something coming through the roof and creating a hole and that that's where the water came from. So, I think the trial court got it right. I don't think there is any question of fact that remains. So, I mean, I'll. I'm done too, since we're all rather brief today. All right, do either of you justice or justice have any questions for Mr. McDonald? No, thank you. I do. All right. Mr. Warner, your rebuttal. Just very briefly judges. Like, sort of a little too earlier, but I will reiterate, I think the entire 2nd policy issue is. Frankly, irrelevant, it doesn't come into play. Or make any difference in light of the fact that the 1st policy is, in fact, the policy that was issued and is, in fact, the policy that was deficient. What maybe could have happened here afterwards or should have happened. And whether or not that policy applied coverage, it. It doesn't matter when the issue in this case is whether or not the policy that was, in fact, issued, provided coverage and whether or not. It was negligent to provide that policy in light of the information that was presented. I don't think there's anything. You know, vague or off about the statements that Mr. Van order testified he made. There's really no reason to communicate with your insurance agent, other than for the purposes of procuring insurance. There's no reason to tell him this property is going to be vacant. If not to inform him that I need a policy that will cover issues that could arise in a vacant property. Again, I think all of that falls squarely under the question of fact, I think it's inappropriate for the trial court to make a determination in a ruling on that question of fact, and that this case. Should be entitled to go to a trial to make that determination. Thank you. Mr. Mr. Warner. This case, he doesn't make the request specific request for the water damage that you're saying should be covered, but there's numerous other things that that could happen on a vacant property, which weren't also requested. And I think thus, the reason for the case law that says, you have to make a specific request. Why should we ignore this body of case law? That says a specific request needs to be made. I'm not asking you to ignore a body of case law. I. It's simply our belief that whether or not the statements that were made. Meet that standard, and we're sufficient under these circumstances, and under the totality of the facts, as we understand them in light, most favorable to Mr. Van order. I believe that the evidence before the court is enough to create the question of fact, preclude summary judgment. I'm not asking the case law be ignored. I'm simply asking that that determination be made by a fact finder, not a judge. Okay, do you have anything for their counsel? No, ma'am, thank you. All right. And justice, any further questions. No, thank you. Thank you. No, thanks. Right at this time, then the court would like to thank counsel for your arguments this morning. We'll take the matter under advisement and render a decision and due course. The court stands in recess at this time.